# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE DOYLE MCCUTCHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-168-JHP |
| ) | |
| MARK CALDWELL, and FIRST ) | |
| NATIONAL BANK OF HEAVENER, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is the issue of this Court's subject matter jurisdiction over the claims brought by Plaintiff Wayne Doyle McCutchan individually. The Court has reviewed McCutchan's Complaint [Docket No. 2], and it appears his claims against Mark Caldwell and First National Bank of Heavener stem from an alleged breach of contract with the Plaintiff. The Plaintiff attached the copies of the documents he claims to be the "supporting contracts" to his Complaint as Exhibits "A" and "B". Exhibit "A" and "B" are documents titled "Private Default Judgment Decision having the same effect as Res Judicata and Sate Decisis, In re: Wayne D. McCutchan, Petitioner and First National Bank of Heavener and Mark Caldwell, CFO for First National Bank of Heavener, Respondents, OUTSIDE THE COURTS OF THE STATE OF OKLAHOMA and THE COURTS OF THE UNITED STATES." This Court considers the issue of subject matter jurisdiction *sua sponte* because the Court has a duty to consider the issue whenever it appears that subject matter jurisdiction may be lacking. Fed.R.Civ.P. 12(h)(3).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.

1991). McCutchan has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006). In this case, the Plaintiff is proceeding *pro se* and, consistent with Supreme Court and Tenth Circuit precedent, this Court will construe his *pro se* pleadings liberally when considering the allegations of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Even liberally construing plaintiff's complaint, the Court finds that it has no basis to exercise subject matter jurisdiction over this case.

The addresses for the parties listed on Plaintiff's Complaint indicates that the Plaintiff resides in Talihina, Oklahoma, while Defendant Mark Caldwell and the First National Bank of Heavener are listed as residing in Heavener, Oklahoma. Assuming these are correct locations for each of the parties, the Plaintiff has failed to show the parties are diverse for purposes of 28 U.S.C. §1332.

The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over Plaintiff's claims under 28 U.S.C. §1331. Plaintiff is seeking "declaratory judgment and injunctive relief" because the "Defendants have breached contracts with the Plaintiff and have proceeded against Plaintiff without just cause." Issues regarding breach of

contract are a matter arising under state law. The Plaintiff also states that the Defendants have proceeded against him without just cause citing a restraining order the Defendants obtained against McCutchan in the District Court of LeFlore County, Oklahoma, whereby McCutchan was ordered not to send further "notifications, documentation, or file liens in any county against Plaintiff, Plaintiff's employees, Mark Caldwell, or any agents acting on behalf of Plaintiff without written express permission from" the district court. McCutchan's complaints regarding the Defendants' pursuit of a restraining order in Oklahoma state court does not provide the basis of a claim grounded in federal law providing subject matter jurisdiction under §1331.

Therefore, even broadly construing the allegations of Plaintiff's complaint, the Court finds the complaint neither presents a federal question nor invokes any other basis for federal subject matter jurisdiction. Pursuant to Fed.R.Civ.P. 12(h)(3), Plaintiff's case should be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 14th day of June, 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma